UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60772-ARTAU/AUGUSTIN-BIRCH

ARMA GILEAD,

    Plaintiff,

v.

TRANS UNION, LLC, *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS TO COMPEL AND MOTION FOR SANCTIONS

This cause comes before the Court on Plaintiff Arma Gilead's three discovery motions directed toward Defendant Capital One, N.A. Plaintiff's Motion to Compel Production of Documents is fully briefed at docket entries 92, 103, and 106. Plaintiff's Motion to Compel Identification for Depositions and for Sanctions is fully briefed at docket entries 93, 102, and 105. Plaintiff's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 and This Court's Inherent Authority to Deter Bad Faith Withholding of Evidence is fully briefed at docket entries 94, 101, and 104. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises.

The Court set a discovery hearing for January 12, 2026, at 10:00 a.m. DE 97. However, upon review of the briefing, the Court concludes that a hearing is unnecessary to resolve the discovery motions. The Court therefore **cancels** the January 12 hearing and rules upon the discovery motions as follows:

###       I.        Motion to Compel Production of Documents

Plaintiff contends that Defendant's amended responses to Plaintiff's requests for production contain impermissible boilerplate objections and otherwise violate the Federal Rules of Civil Procedure and this Court's Order Setting Discovery Procedures. Having reviewed the amended responses [DE 92-3], the Court agrees. Accordingly, by **January 20, 2026**, Defendant must serve second amended responses, together with unobjected-to responsive material, that complies with this Order.

All objections must comply with Local Rule 26.1(e) and the Order Setting Discovery Procedures. DE 68. General objections that are untied to a particular request are prohibited and must be removed. Objections that a request is not reasonably calculated to lead to admissible evidence are prohibited as based on an outdated discovery standard. Nonspecific, boilerplate objections are prohibited. Defendant must substantiate each objection with a specific explanation why a request is irrelevant, disproportionate, overly broad, and/or unduly burdensome. Defendant must support burdensomeness objections with specific information demonstrating the burden of producing the responsive material. Defendant must attempt to obtain clarification from Plaintiff before objecting that a request is vague or undefined. Objections followed by answers and objections made merely as placeholders are prohibited and must be removed. Withdrawn objections must also be removed.

Objections based on a privilege or protection must comply with Federal Rule of Civil Procedure 26(b)(5), Local Rule 26.1(e), and the Order Setting Discovery Procedures. Defendant may make a privilege or protection objection only if it actually is withholding responsive material based on a privilege or protection. Defendant must identify the nature of the privilege or protection

being asserted. Per Local Rule 26.1(e)(2)(D), Defendant must serve any privilege log within **14 days** of service of the response to which the privilege log applies.

Objections to producing material simply because it is confidential or proprietary are meritless and are overruled. Confidentiality is not itself a basis to withhold discovery. *See Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 692 (S.D. Fla. 2011) ("It is well settled that there is no absolute privilege for trade secrets or other confidential information." (quotation marks omitted)); *Kaye v. Fountaine Pajot, S.A.*, No. 07-61284-CIV, 2008 WL 11422469, at *3 n.4 (S.D. Fla. Jan. 7, 2008) (noting that "it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery" (quotation marks omitted)). If the parties seek entry of a Confidentiality Order, they must confer on the language of such an Order and move for its entry.

Defendant must produce responsive material that is within its possession, custody, or control. Fed. R. Civ. P. 34(a)(1) (permitting a party to serve a request for the production of "items in the responding party's possession, custody, or control"); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."). If Defendant has no responsive material within its possession, custody, or control, the response must state as such. Each response must cite the responsive documents by Bates number. Each cited document must actually be responsive to the request. Defendant may not simply cite a range of documents that may or may not be responsive.

Local Rule 26.1(e)(7) requires Defendant to serve a notice of completion of production when all responsive material has been produced. Defendant must supplement or correct its

responses if it learns that prior responses were incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). Withholding responsive material may result in sanctions. Fed. R. Civ. P. 37(b)(2), (c)(1).

At this juncture, Plaintiff's request for an award of expenses is denied. In conclusion, Plaintiff's Motion to Compel Production of Documents [DE 92] is **GRANTED IN PART AND DENIED IN PART**.

## II.     Plaintiff's Motion to Compel Identification for Depositions

Plaintiff argues that Defendant has refused to identify material witnesses so they may be deposed. Plaintiff's Motion to Compel Identification for Depositions and for Sanctions is granted only insofar as, by **January 20, 2026**, Defendant must comply with Federal Rule of Civil Procedure 26(a)(1)(A)(i) by providing "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." If Plaintiff seeks the identification of individuals with specific knowledge, Plaintiff may serve interrogatories asking for such identification.[1] If Plaintiff seeks a deposition under Federal Rule of Civil Procedure 30(b)(6), Plaintiff must provide Defendant with the matters or topics for examination so that Defendant may designate an appropriate deponent. Plaintiff's request for sanctions is denied. Accordingly, Plaintiff's Motion to Compel Identification for Depositions and for Sanctions [DE 93] is **GRANTED IN PART AND DENIED IN PART**.

## III.    Plaintiff's Motion for Sanctions

Plaintiff maintains that Defendant has withheld responsive material in the form of certain call recordings. Plaintiff asks for entry of a default judgment against Defendant and for an award

---

[1] This Order does not alter the limitation on the number of interrogatories under Federal Rule of Civil Procedure 33(a)(1).

of expenses.  Plaintiff's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 and This Court's Inherent Authority to Deter Bad Faith Withholding of Evidence [DE 94] is **DENIED**.  Discovery is continuing, and the Court is not convinced that there has been any bad faith on Defendant's part or prejudice to Plaintiff relating to responsive material that has not yet been produced.  Per the above instructions, Defendant must serve the unobjected-to material that is responsive to Plaintiff's requests for production by **January 20, 2026**.  The Court reiterates that withholding responsive material may result in sanctions.  Fed. R. Civ. P. 37(b)(2), (c)(1).

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 9th day of January, 2026.

                                            PANAYOTTA AUGUSTIN-BIRCH
                                            UNITED STATES MAGISTRATE JUDGE